PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS



FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2011 SEP 23 AM 11:35

CLERK OF COURT



ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| LISA ANN COLEMAN | MOUNTAIN VIEW UNIT |
|---|---|
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |

vs.

00999511
PRISONER ID NUMBER

| RICK THALER | 4:11-cv-00542-A |
|---|---|
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | (Supplied by the District Court Clerk) |

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

### PETITION

**What are you challenging?** (Check **all** that apply)

☑ A judgment of conviction or sentence, (Answer Questions 1-4, 5-12 & 20-25)
    probation or deferred-adjudication probation.
☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
☐ Other:_____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __297TH DISTRICT COURT,__

   TARRANT COUNTY, TEXAS

2. Date of judgment of conviction: __June 21, 2006__

3. Length of sentence: __DEATH__

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __1016470R__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: May 26, 2009

Grounds raised: Ineffective assistance of trial counsel, Ineffective assistance of appellate counsel, and the Texas death penalty procedure and statute are unconstitutional

Date of final decision: August 25, 2010

What was the decision? Denied

Name of court that issued the final decision: Texas Court of Criminal Appeals

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
_____

Grounds raised: _____
_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☑ No

   (a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____
   _____

   (b)   Give the date and length of the sentence to be served in the future: _____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☐ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?   ☐ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

    Date of Result: _____

Step 2 Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** Applicant's trial attorneys were ineffective because they failed to conduct a meaningful investigation into the facts of Applicant's case.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Applicant's legal team failed to interview Tonya Coleman Brown, Sharon Coleman, and Marcella Williams. Thus, Applicant's legal team was not able to present a defense to the 'kidnapping' element of the capital murder charge. These failures resulted in a violation of Applicant's Sixth Amendment Rights to effective assistance of counsel and require that she be given a new trial.

B. **GROUND TWO:** Applicant's trial attorneys were ineffective because failed to adequately investigate and present mitigation evidence at her trial.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Applicant's attorneys failed to thoroughly investigate her mitigation evidence. Also, the mitigation evidence was not effectively presented at trial. These failures resulted in a violation of Applicant's Sixth Amendment Rights to effective assistance of counsel and require that Applicant be given a new punishment trial.

C.  **GROUND THREE:** Applicant is actually innocent of the crime of conviction because she did not commit a kidnapping as required to support a capital murder conviction.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Evidence obtained from Brown, Coleman, and Williams clearly shows that Applicant did not commit or attempt to commit a kidnapping. This evidence was not available because Applicant's attorneys failed to adequately investigate the facts of this case. The evidence from Brown, Coleman, and Williams establishes by clear and convincing evidence that no reasonable juror could have convicted Applicant of the charged offense of capital murder because there was no kidnapping and mandates a finding that Applicant is not guilty of capital murder.

D.  **GROUND FOUR:** Applicant's trial attorneys were ineffective because he failed to allow failure to allow her conviction for injury to a child to become final prior to her capital murder conviction.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Applicant's conviction for the offense of the injury to a child would have become final prior to her conviction for capital murder if her conviction for the Injury to a Child offense had not been appealed to the Second Court of Appeals in Fort Worth and allowed to become final. In such event, her capital murder conviction would have been barred by the application of the prohibition against double jeopardy.

---- SEE ATTACHED CONTINUATION DOCUMENT ----

21. Relief sought in this petition:

1. New trial.

2. New punishment trial.

3. A finding of not guilty.

4. Sentence reformed to life in prison.

5. The Texas death penalty statute is unconstitutional.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☑ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Mike Heiskel, 5601 Bridge St., Ste 220, Fort Worth, TX. 76112

(b) At arraignment and plea: Same as above   Fred L. Cummings, 4210 W. Vicker Blvd. Fort Worth, TX 76107

(c) At trial: Same as above

(d) At sentencing: Same as above

(e) On appeal: David Richards, 204 W Central Ave, Fort Worth, TX. 76164

(f) In any post-conviction proceeding: John W. Stickels, POB 121431, Arlington, TX 76012

    (g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

JOHN W. STICKELS
_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, day, year).


Executed (signed) on _____ (date).




_____
Signature of Petitioner (<u>required</u>)


Petitioner's <u>current</u> address: Ms. Lisa Coleman, TDC #00999511, Mountain View Unit 2305 Ransom Road,

Gatesville, TX 76528

**ATTACHMENT TO LISA COLEMAN V. RICK THALER, CAUSE NO. 4:11-cv-00542-A**

**E. GROUND FIVE:** applicant's fourteenth amendment due process right to be free from a wholly arbitrary deprivation of liberty and eighth amendment right to be free from the arbitrary and capricious infliction of the death penalty were violated because the evidence adduced at trial was legally insufficient to support the jury's answer to the future dangerousness special issue.

**FACTS:** The evidence relied on to support the jury's finding of future dangerousness consisted of the facts of the indicted crime and the facts of the extraneous offense. Admittedly, the circumstances of the underlying offense alone may be sufficient to support a jury's affirmative answer to the issue on future dangerousness. However, when all of the evidence is considered, no rational juror would find a probability that Applicant will commit future crimes of violence so as to be a continuing threat to society. Consequently, this Court should hold that the evidence is insufficient to support the jury's finding on Special Issue Number One, vacate Applicant's death sentence, and reform the judgment to reflect a sentence of life in prison.

---

**E. GROUND SIX:** Applicant's Fourteenth Amendment right to due process and Eighth Amendment right to be free from the arbitrary and capricious infliction of the death penalty were violated because the statute under which applicant was sentenced to death allows the jury too much discretion to determine who should live and who should die and because it lacks the minimal standards and guidance necessary for the jury to avoid the arbitrary and capricious imposition of the death penalty.

**FACTS:** The Eighth Amendment requires that consideration of the character and record of the individual offender and the circumstances of the particular offense are constitutionally indispensable parts of the process of inflicting the death penalty. The mitigation instruction in Article 37.071, § 2(e)(1) of the Texas Code of Criminal Procedure allows the jury to impose a life sentence if, in their sole discretion, they choose to do so. The arbitrariness and capriciousness that results from this unfettered discretion renders the present scheme unconstitutional.

**G. GROUND SEVEN:** Applicant's Fourteenth Amendment right to due process and Eighth Amendment rights as interpreted in *Penry v. Johnson* were violated because the mitigation special issue set forth in the Texas death penalty statute sends mixed signals to the jury thereby rendering any verdict reached in response to that special issue intolerably unreliable.

**FACTS:** The Texas death penalty scheme violates the Eighth Amendment under the United States Supreme Court's recent decision in *Penry v. Johnson,* 121 S. Ct. 1910 (2001) ("*Penry II*"). In *Penry II*, a supplemental instruction was given that basically told the jury that it should show its finding of sufficient mitigating evidence by converting what otherwise would be a "Yes" answer to one of the special issues into a "No" answer. This method was deemed a "nullification instruction" because the answer which otherwise would fit a special-issue question would be "nullified" for the sake of giving effect to mitigating evidence. Because the mitigation special issue submitted to the jury pursuant to the dictates of article 37.0711 of the Texas Code of Criminal Procedure sent "mixed signals" to the jury, that statute is unconstitutional in violation of the Eighth Amendment as interpreted in *Penry II*. Consequently, Applicant's conviction was secured in violation of her right to Eighth Amendment rights as applicable via the Due Process clause of the Fourteenth Amendment.

## CERTIFICATE OF SERVICE

I certify that on 23rd day of September, 2011, I served a copy of the foregoing on:

Stephen M. Hoffman
The Office of the Texas Attorney General
Postconviction Litigation Division
P. O. Box 12548
Austin, Texas 78711-2548

and

Ms. Lisa Coleman
TDC #00999511
Mountain View Unit
2305 Ransom Road
Gatesville, TX 76528

/s/ John W. Stickels
John W. Stickels
Attorney for Petitioner