

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 JAN 20  PM 12: 10

CLERK OF COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA ANN COLEMAN, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CAUSE NO. 4:11-CV-00542-A |
| | § | (death penalty case) |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent | § | |

## BRIEF IN SUPPORT OF MOTION FOR EVIDENTIARY HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Lisa Colman, Petitioner, and files this Brief in Support of his Motion for Evidentiary hearing and, in support thereof, would show the Court as follows:

### I.
### LEGAL STANDARD

Petitioner is entitled to an evidentiary hearing on the merits of the claims in her federal writ of habeas corpus because she meets the requirements for a hearing under 28 U.S.C §2254(d-2). The state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding because the state court trier of fact failed to reliably find the relevant facts after a full hearing as required by 28 U.S.C 2254 (d-2). Because of this deficiency, Applicant is entitled to a full hearing in this Court.

Section D-2 of The Antiterrorism and Effective Death Penalty Act of 1996 (28 U.S.C.A. §2254(d)(2)) (hereinafter called AEDPA) prohibits the granting of a writ of habeas corpus unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Section 2254(d)(2) applies to the state court's overall determination of facts relevant to its decision. *Fields v. Thaler*, 588 F.3d 270, 279 (5th Cir. 2009). A state court's failure to make a finding on critical evidence negates the §2254(e)(1) presumption of correctness and causes the fact-finding to be unreasonable. *Guidry v. Dretke*, 429 F.3d 154, 159-160 (5th Cir. 2005)(citing *Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004)).

*Taylor* v Maddox, 366 F.3d 992 (9th Cir. 2004) established a two-part analysis under §2254(d)(2) and (e)(1). First, federal courts must undertake an "intrinsic review" of the state court's fact-finding pursuant to the "unreasonable determination" standard. This requires an examination of the state court's fact-finding process and not its findings. *Taylor*, 366 F.3d at 1000. The presumption of correctness and the clear-and-convincing standard of proof only come into play once the state court's fact-findings survive any intrinsic challenge. *Id.* at 1000. These types of challenges to state court findings pursuant to the "unreasonable determination" standard come in several flavors, each presenting its own peculiar set of considerations. *Id.* at 1000-01. If the state court's fact-finding process survives the federal court's intrinsic review, or if the petitioner does not challenge the state court's fact-finding process, the state court's factual findings are presumed correct unless rebutted by clear and convincing evidence. *Buckley v. Terhune*, 397 F.3d 1149, 1155 (9th Cir. 2005).

A mere disagreement with a factual determination is not sufficient to meet the requirement of "unreasonable determination," and a federal court should not grant a writ under 28 U.S.C. §2254(d)(2) unless an objective review of the state court's factual findings and

2

reasoning cannot be reasonably justified based on the evidence presented. *Id.* Federal habeas courts should review a state court's factual conclusions and reasoning, survey the applicable records for relevant evidence, and determine if the factual findings were fairly supported by the evidence. *Id.* This applies to situations where a state court's factual conclusion is contrary to clear and convincing evidence, where a state court fails to consider relevant evidence in resolving a factual dispute, and where a state court fails to address relevant factual issues in resolving an underlying substantive claim. *Id.* Moreover, section (d)(2) makes clear that if a federal habeas court finds any fact to have unreasonably determined by a state court, then the federal court must decide whether that the same fact was a basis for the state court's determination of the underlying substantive claim. Thus, (d)(2) adds an element of causation between the factual error and the disposition of the substantive claim. *Id.*

Although AEDPA imposes a great deference on a state court's findings, "the deferential review mandated by AEDPA does not automatically equate with affirmance when the state court fails to make crucial findings to support its ruling." *Guidry v. Dretke,* 429 F.3d 154, 158 (5th Cir. 2005). "Deference does not by definition preclude relief. A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable." *Miller-El v. Cockrell,* 537 U.S. 322, 340, 123 S.Ct. 1029 (2003).

## STATEMENT OF FACTS

Petitioner filed her Application for Writ of Habeas Corpus on May 5, 2008.[1] On September 2, 2008, the State of Texas (State), through the office of the Tarrant County Criminal District Attorney, (Prosecutor), filed a State's Requests for Affidavits requesting the trial court to order Applicant's trial attorneys to file affidavits addressing Applicant's ineffective assistance of

---

[1] CR 2.

counsel claims.[2] On September 17, 2008, the Trial Court denied Applicant's motion for an Evidentiary Hearing by finding there was no need for a live evidentiary hearing and ordered Applicant's trial counsel to file affidavits describing the entire scope of their efforts in Applicant's representation in both the guilt/innocence and punishments stages of the Applicant's trial. The Trial Court also ordered Applicant's appellate counsel to file an affidavit describing his reasons for proceeding as he did on Applicant's appeal.[3]

Applicant's appellate attorney filed his affidavit on December 22, 2008.[4] Applicant's trial attorney Fred Cummings filed his affidavit on March 4, 2009.[5] The State filed Requested Findings of Fact and Conclusions of Law on March 31, 2009,[6] and Applicant filed her Requested Findings of Fact and Conclusions of Law on April 23, 2009.[7]

By Order dated May 19, 2009 ( a mere 49 days after the State filed Requested Findings of Fact and Conclusions of Law) the Trial Court adopted the State's proposed memorandum, findings of fact, and conclusions of law with the following Order:

> "Having carefully reviewed the State's proposed memorandum of findings of fact and conclusions of law, the Court hereby orders, adjudges and decrees that they be adopted as its own..." [8]

Applicant's writ, including the Trial Court's findings, were forwarded to the Texas Court of Criminal Appeals.

The Texas Court of Criminal Appeals was not satisfied with the State Court proceedings. By Order dated April 5, 2010, the Court of Criminal Appeals remanded Applicant's writ for further fact finding concerning whether Applicant's trial counsel interviewed Marcela Williams

---

[2] CR 195.
[3] CR 222.
[4] CR 225.
[5] CR 230.
[6] CR 258.
[7] CR 275.
[8] CR 283.

(Applicant's Co-defendant), if she was not interviewed then why not, and why she was not called to testify.[9] On April 12, 2010, Applicant filed a Request for Evidentiary Hearing wherein she requested a live evidentiary hearing to determine the additional facts required by the Texas Court of Criminal Appeals.[10] Thereafter, on April 14, 2010, the State filed a Motion in Opposition to Appellant's Request for a Live Evidentiary Hearing wherein the reasoning given by the State for not holding the hearing was as follows:

> "Any live hearing in the case would unnecessarily delay the progress of the case, as Applicant would have to be "benched back" to attend. In addition it strains credulity that such a specific request for information cannot be adequately dealt with via brief affidavits from the experienced trial counsel in this case."[11]

On April 13, 2010,[12] the Trial Court denied Applicant's request for a live evidentiary hearing and ordered Applicant's trial counsel to file affidavits addressing the following issues:

1) Whether counsel interviewed Marcela Williams.
2) If Counsel did not interview Marcela Williams, why did he not interview her?
3) If Counsel did interview Marcela Williams, why did he not call her to testify as a witness?

## ARGUMENT

Under 28 USC §2254, "[A] Federal evidentiary hearing is required unless the state court trier of fact has, after a full hearing reliably found relevant facts."[13] In Applicant's case the state trial court did not reliable find the relevant facts after a full hearing, instead, only 49 days after the State filed Requested Findings of Fact and Conclusions of Law, the trial court signed an order stating that the trial court had carefully reviewed the materials and determined that there

---

[9] CR - Remand. 2.
[10] CR - Remand. 4.
[11] CR - Remand. 9.
[12] CR - Remand. 7.
[13] Townsend v. Sain, 372 U.S. 293, 312-13, 83 S.Ct. 745, 9Led.2d 770 (1963).

5

are no controverted previously unresolved factual issues material to the legality of Applicant's confinement and death sentence. It is not reasonable that the trial court trier of fact could have conducted the type of hearing contemplated by 28 USC §2254. Because of the inadequate procedures used in the Applicant's state writ proceedings, she is entitled to an evidentiary hearing on the allegations made in her writ of habeas corpus.

There was not a live hearing. Applicant was not brought to Tarrant County from Mountain View Unit for the hearing. In addition, Applicant did not have an opportunity to provide any additional facts by way of affidavits, testimony, or any other documents. Applicant also did not have an opportunity to cross-examine the statements of her attorneys. Because of these glaring deficiencies, Applicant did not have a real opportunity to participate in either the "remand hearing" or the original "hearing" on her original writ. Her hearing was a sham.

It strains credulity that a live hearing on either her original writ or the remand hearing would unnecessarily delay the progress of the case as urged by the State, Due process requires that the Applicant be provided an opportunity to fully participate in the hearing and this right cannot be abrogated by the Prosecution's desire that the proceedings not be "unnecessarily delayed". Applicant is on trial for her life and deserves the opportunity to develop the facts necessary to support the allegations claimed in both her writ and the writ filed in this case. The state trial court did not reliably find the relevant facts after a full hearing. Thus, Applicant is entitled to a full evidentiary hearing in this court.

The determination of the state court in denying Applicant's claims involve unreasonable applications of clearly established federal law, as determined by the Supreme Court.[14] The state court determinations were also based on an unreasonable determination of the facts in light of the

---

[14] 28. U.S.C. 2254(d)(1)(1996).

evidence presented at the state hearing.[15] "The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case."[16] And, "[t]he focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable..."[17] While the state court correctly identified principles adopted by the Supreme Court in *Strickland* it unreasonably applied them to the facts to this particular case.[18]

If the state court trier of fact after a full hearing, has not reliably found the relevant facts then a federal evidentiary hearing is required.[19] The state court did not reliably find the relevant facts after a full hearing in Applicant's case. It took the trial court only 49 days after the State filed its Requested Findings of Fact and Conclusions of Law to sign an order stating that there were no controverted or previously unresolved factual issues that were material to the legality of the Applicant's confinement and death sentence. Given these facts it is not reasonable that the trial court trier of fact could have conducted the type of hearing outlined by 28 USC §2254.

The procedures used in determining Applicant's state writ were exactly like those found wanting by this Court in *Richards v. Quarterman*. The state court proceedings as applied to Applicant are just as improper in her case as they were in Mr. Richard's Case. Because of the inadequate procedures used in Applicant's state court proceedings the state court's determinations were unreasonable applications of clearly established federal law as determined by the Supreme Court. The determinations made by the state court on her writ were also

---

[15] 28. U.S.C. 2254(d)(2)(1996).
[16] *Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).
[17] *Id.*
[18] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir.2008). See also *Harrison v. Quarterman*, 496 F.3d 419, 424 (5th Cir.2007) (stating that "[a] decision constitutes an 'unreasonable application' of clearly established federal law if it is 'objectively unreasonable.'").
[19] 28 USC §2254.

7

objectively unreasonable under the existing court record. Thus Applicant is entitled to a hearing on the writ under provisions 28 USC §2254(d).

Respectfully Submitted,

Stickels & Associates, P.C.
P. O. Box 121431
Arlington, Texas 76012
Phone: (817) 479-9282
Fax: (817) 622-8071

_____
John W. Stickels
State Bar No. 19225300
Attorney for Lisa Coleman

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 20th day of September, 2012, I served a copy of the foregoing on:

Jay Clendenin
The Office of the Texas Attorney General
Postconviction Litigation Division
P.O. Box 12548
Austin, Texas, 78711-2548

and

Ms. Lisa Coleman
TDC #00999511
Mountain View Unit
2305 Ransom Road
Gatesville, TX 76528

_____
John W. Stickels