FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 JAN 20  PM 12: 10

CLERK OF COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LISA ANN COLEMAN, § | |
| Petitioner, § | |
| § | |
| V. § | CAUSE NO. 4:11-CV-00542-A |
| § | (death penalty case) |
| RICK THALER, § | |
| Director, Texas Department of § | |
| Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent § | |

**PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION
TO MOTION FOR EVIDENTIARY HEARING**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Lisa Colman, Petitioner, and files this Reply to Respondent Thaler's Answer with Brief in Support and, in support thereof, would show the Court as follows:

**I.**

Applicant Coleman has alleged in her Application for Writ of habeas Corpus that her trial attorneys were ineffective, among other grounds, because they failed to adequately investigate the 'kidnapping' allegations that support this case being prosecuted as a capital murder instead of a first degree murder. As stated in her writ, Tonya Coleman Brown and Sharon Coleman had vital and important knowledge concerning the kidnapping allegations. Despite this knowledge, Tonya Coleman Brown and Sharon Coleman were never contacted by Applicant's lawyers, an investigator, or by

1

any other person on Applicant's behalf prior to her trial. If these witnesses had been contacted they would have been able to rebut the kidnapping allegations of this charge. However, due to Applicant's attorneys' ineffectiveness, this crucial information was not available to the jury during the guilt/innocence phase of Applicant's trial, and, as a result, Applicant did not receive a fair trial because of her attorneys' omissions.

## II.

In his answer, the Respondent summarily states that the testimony of Tonya Coleman Brown and Sharon Coleman would not have made a difference to the outcome of the trial because there would have been conflicting testimony. It is the nature of almost every criminal trial that there is conflicting testimony and it is the jury's obligation to make decisions involving contested testimony, not the Respondent's. However, because of her attorneys' failures to investigate and present this critical testimony, the jury did not have an opportunity to decide whether Respondent committed a kidnapping required to support the capital murder conviction.

## III.

It is black letter law that a criminal defense lawyer must have a firm command of the facts of the case as well as governing law before he can render reasonably effective assistance of counsel. A natural consequence of this notion is that counsel has the responsibility to seek out and interview potential witnesses. The failure to interview witnesses is not trial strategy unless and until the trial attorney has conducted the necessary legal and factual investigation which would enable him to make an informed

2

rational decision. Counsel has a duty to bring to bear such skill and knowledge as will render the trial a "reliable adversarial testing process."[1]

## IV.

Petitioner requested an evidentiary hearing because there was "an unreasonable determination of facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d)(2). Specifically: (1) Petitioner was denied constitutional effective assistance because her trial counsel failed to investigate the facts of the case by interviewing material witnesses that would defeat the kidnapping element of the capital murder charge, (2) she was denied due process because she was convicted of a crime for which she is actually innocent. Hence, there is a need of an evidentiary hearing to deduce the necessary facts so that this Court can properly evaluate the reasonableness of the state court's determinations of the petitioner's constitutional claims.

Requests for an evidentiary hearing are evaluated under the provisions of 28 U.S.C. §2254(e)(2) which delineates the narrow circumstances under which an evidentiary hearing may be held in federal court. *Michael Williams v. Taylor*, 529 U.S. 420, 432 (2000); *Guidry v. Dretke*, 397 F.3d 306, 322-323 (5th Cir. 2005). Even if the requisite factual development did occur, the petitioner is not automatically entitled to the requested hearing. Rule 8(a) of the Rules Governing §2254 Cases vests district courts with the discretion to conduct an evidentiary hearing if not barred by subpart (e)(2). *Guidry*, 397 F.3d 306, 323. A petitioner is entitled to an evidentiary hearing only where a factual dispute, if resolved in his favor, would entitle him to relief, and not where a

---

[1] *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065.

3

petitioner's allegations are merely conclusory allegations unsupported by specifics. *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000). Where a district court elects, in instances not barred by §2254(e)(2), to hold an evidentiary hearing, the hearing may assist the district court in ascertaining whether the state court reached an unreasonable determination under either §2254(d)(1) or (d)(2). An evidentiary hearing is not an exercise in futility just because §§2254(d) and (e)(1) require deference. *Valdez v. Cockrell*, 274 F.3d 941, 952 (5th Cir. 2001). "[A] federal court can scarcely be indifferent to the process by which a state court reached a factual finding or the evidentiary support that finding enjoys." See Larry Yackle, *Federal Evidentiary Hearings Under the New Habeas Corpus Statute*, 6 B.U. Pub. Int. L.J. 141 (1996).

In this case, §2254(e)(2) does not bar an evidentiary hearing because the petitioner has exhibited "diligence" in developing the factual basis of all of her claims by seeking and receiving a state evidentiary hearing. *Williams v. Taylor*, 529 U.S. at 437. Petitioner could reasonably have been found not guilty of the kidnapping charges if her trial counsel had not failed to meaningfully investigate the facts of the case and called material witnesses that could irrefutably rebut the kidnapping charge which was a crucial element in the capital murder charge. This evidence was not considered by the state habeas court in its findings and conclusions. To properly rule on this habeas petition, an evidentiary hearing is required because:

1) Petitioner's trial attorneys were ineffective because they failed to conduct a meaningful investigation into the facts of Petitioners case as evidenced by the failure to interview material witnesses, specifically: Tonya Coleman Brown, Sharon Coleman, and Marcella Williams, that could rebut the kidnapping element of the capital murder charge. This

witness evidence was not available because of the failure to adequately investigate the facts of the case. The evidence from these witnesses would show by clear and convincing evidence that no reasonable juror could have convicted Petitioner from the charged offense of capital murder because there was no kidnapping which mandates a finding that Petitioner is not guilty of capital murder

2) Petitioner's trial attorneys were ineffective because they failed to adequately investigate and present mitigation evidence at her trial resulting in a violation of the Applicant's Sixth Amendment Rights to effective assistance of counsel.

3) Petitioner is actually innocent of the crime of conviction because she did not commit a kidnapping as required to support a capital murder conviction.

For this Court to fully evaluate the circumstances surrounding these claims, further factual development is appropriate. Factual development would aid this Court in determining whether clear and convincing evidence rebuts the kidnapping element. Moreover, additional factual development would clarify the ultimate question of the reasonableness of the state court's determinations, and if true, would entitle Petitioner to relief. To that end, this Court should conduct an evidentiary hearing and allow discovery of relevant witness evidence to properly review the aforementioned issues.

## CONCLUSION

Because of Petitioner's trial attorney's failure to adequately investigate the facts of the case the trier of fact was unable to make an accurate factual determination of guilt or innocence as it pertains to the kidnapping charge. Unless the Court takes this opportunity to conduct the much needed evidentiary hearing and permit the petitioner to present her clear and convincing witness evidence a more grave and final mistake could be made in the loss of another life. Consequently, Petitioner respectfully requests that this Court

conduct an evidentiary hearing which will permit this Court to properly evaluate the reasonableness of the state court's determinations of petitioner's constitutional claims.

Respectfully Submitted,

Stickels & Associates, P.C.
P. O. Box 121431
Arlington, Texas 76012
Phone: (817) 479-9282
Fax: (817) 622-8071

_____
John W. Stickels
State Bar No. 19225300
Attorney for Lisa Coleman

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 20th day of September, 2012, I served a copy of the foregoing on:

Jay Clendenin
The Office of the Texas Attorney General
Postconviction Litigation Division
P.O. Box 12548
Austin, Texas, 78711-2548

and

Ms. Lisa Coleman
TDC #00999511
Mountain View Unit
2305 Ransom Road
Gatesville, TX 76528

_____
John W. Stickels
