NORTHERN DISTRICT OF TEXAS

**FILED**

SEP 1 2 2014

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LISA ANN COLEMAN, §
§
  Petitioner, §
§
V. § No. 4:11-CV-542-A
§
WILLIAM STEPHENS, Director, § (Death Penalty Case)
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
  Respondent. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration a motion for relief from judgment

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure

("Rule 60(b) Motion"), a motion for stay of execution ("Motion to

Stay"), and an exhibit list, filed in the above action by

petitioner, Lisa Ann Coleman. Following a telephone

conference/hearing held September 11, 2014, between the court,

counsel for petitioner, and counsel for respondent, William

Stephens, Director, Texas Department of Criminal Justice,

Correctional Institutions Division, to discuss the foregoing

motions, respondent submitted his response.[1] Having now

---

[1]Because the undersigned does not accept electronic filing, and due to the urgency of the motions, the court directed counsel for respondent to send via facsimile a copy of the response he intended to file, for the court's consideration in preparation of this memorandum opinion and order. The fax copy of the response was received in the undersigned's chambers on the morning of the date this order is signed.

considered all of the parties' submissions, the record in this action, and the applicable legal authorities, the court concludes that the Rule 60(b) Motion and the Motion to Stay should be transferred to the United States Court of Appeals for the Fifth Circuit for consideration.

I.

## Petitioner's Rule 60(b) Motion

Petitioner acknowledged that the claim presented in her Rule 60(b) Motion is the same one that was denied by this court in her prior federal habeas proceedings, that is, her trial counsel provided ineffective assistance in failing to investigate and present readily available evidence to disprove the kidnapping aggravator that made her crime death-eligible.   Rule 60(b) Mot. at 1-3, 6-7, 20-21.   She argued that this court has jurisdiction to consider the instant motions due to the extraordinary circumstances presented in the Rule 60(b) Motion, and that her execution should be stayed to allow an evidentiary hearing in this court because she has made a strong showing of the likelihood that she will succeed on the merits.   Id. at 4; Mot. to Stay at 2-3.

II.

## Analysis

### A.   Jurisdiction

Rule 60(b) of the Federal Rules of Civil Procedure provides that the court may afford relief from a "final judgment, order, or proceeding," under certain enumerated circumstances.   In considering a Rule 60(b) motion in the context of a habeas action, however, the court must examine the motion to determine if it should be considered a second or successive habeas petition in disguise.   Gonzalez v. Crosby, 545 U.S. 524, 531-532 (2005). A second or successive habeas corpus claim presented under 28 U.S.C. § 2254 must first be authorized by the appropriate court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

In making the determination required by Gonzalez, the court is to evaluate whether the purported 60(b) motion urges one or more substantive claims, or instead attacks "some defect in the integrity of the federal habeas proceedings."   Id. at 532 & n.5. Guiding the court is the following explanation from Gonzalez:

> A motion that seeks to add a new ground for relief
> . . . will of course qualify [as a substantive claim].
> A motion can also be said to bring a "claim" if it
> attacks the federal court's previous resolution of a
> claim on the merits, since alleging that the court
> erred in denying habeas relief on the merits is
> effectively indistinguishable from alleging that the
> movant is, under the substantive provisions of the
> statutes, entitled to habeas relief.

3

Id. at 532 (footnote omitted).  In sum, a true Rule 60(b) motion
must not challenge the merits of a prior habeas decision.
Balentine v. Thaler, 626 F.3d 842, 846 (5th Cir. 2010).

In contrast, a motion directed other than towards the
court's resolution of the merits can be said to attack a defect
in the integrity of the habeas proceedings, and may be considered
as a 60(b) motion.  Examples of the latter include a showing
"that a previous ruling which precluded a merits determination
was in error--for example, a denial for such reasons as failure
to exhaust, procedural default, or statute-of-limitations bar."
Id. (quoting Gonzalez, 545 U.S. at 532 n.4).

Here, despite petitioner's claims to the contrary, there can
be no doubt that she is seeking to challenge the merits of the
court's prior habeas decision, rather than any defect in the
integrity of the proceedings.  Petitioner explained that the
affidavits she now wishes to introduce were "recently discovered"
and thus "unavailable" during the court's previous consideration
of her habeas petition.  Rule 60(b) Mot. at 9.  This, petitioner
maintained, is a "defect in the integrity of her federal habeas
proceeding."  Id.

Petitioner's attempt to so characterize her Rule 60(b)
Motion misapprehends the distinction set forth in Gonzalez.
Integrity-of-the-proceedings claims arise where a procedural

4

matter precludes a determination by the court of the merits of the habeas petition. Balentine, 626 F.3d at 846. This principle is demonstrated in a case relied on by petitioner, Williams v. Thaler, 602 F.3d 291 (5th Cir. 2010). In Williams, the petitioner filed a motion pursuant to Rule 60(b), which argued that during the course of the initial habeas proceeding, the State failed to provide to the petitioner copies of all subpoenas duces tecum it had requested, in violation of Rule 45(b)(1) of the Federal Rules of Civil Procedure. Id. at 299. The court concluded that the 60(b) motion was not a second or successive habeas petition because it alleged errors in the discovery process during the petitioner's habeas proceeding, but did not challenge the court's resolution of the merits of petitioner's previous habeas petition. Id. at 311.

In contrast, petitioner here has not challenged the procedural aspects of anything that occurred during the pendency of her first habeas petition, but instead asked that the court reconsider the merits of her claim based on additional evidence. No contention was made in the Rule 60(b) Motion that any procedural irregularities prevented the new evidence from being previously discovered or presented. Indeed, petitioner's counsel appeared to accept some responsibility for not bringing the evidence to the court's attention during her initial habeas

proceedings in this court.  However, a 60(b) motion "based on the

movant's own conduct, or [her] habeas counsel's omissions . . .

ordinarily does not go to the integrity of the proceedings, but

in effect asks for a second chance to have the merits determined

favorably."  Gonzalez, 545 U.S. at 532 n.5.  At the end of the

day, petitioner is attacking the court's "resolution of a claim

on the merits," which is "effectively indistinguishable from

alleging that the [petitioner] is, under the substantive

provisions of the statutes, entitled to habeas relief."  Id. at

532.

        The court has not been persuaded that the Rule 60(b) Motion

is anything other than a successive habeas petition that this

court is without jurisdiction to consider absent prior

authorization by the Court of Appeals under 28 U.S.C. §

2244(b)(3)(A).

B.  Transfer

        If a successive petition is filed in the district court

before leave has been obtained by the Court of Appeals, the

district court may either dismiss the motion for lack of

jurisdiction, or it may transfer the motion to the Court of

Appeals.  See In re Hartzog, 444 F. App'x 63, 654 (5th Cir. 2011)

(citing United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

"Normally transfer will be in the interest of justice because

6

normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." <u>Miller v. Hambrick</u>, 905 F.2d 259, 262 (9th Cir. 1990). These concerns are heightened when considering whether to stay an execution. <u>See</u>, <u>e.g.</u>, <u>Ford v. Wainwright</u>, 477 U.S. 399, 411 (1986) (discussing special concerns arising in capital proceedings leading up to an execution).

Because of the timing of the filing of petitioner's Rule 60(b) Motion, the court concludes that it should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination of whether further proceedings in the district court should be authorized.

C.  <u>Stay of Execution</u>

Since this court lacks jurisdiction to consider the successive claim, it also lacks jurisdiction to grant the Motion to Stay. <u>See</u> <u>Green v. Harris Cnty.</u>, 390 F.3d 839, 839-840 (5th Cir. 2004) (per curiam). The Motion to Stay is also transferred to the Fifth Circuit for consideration.

III.

Order

Therefore,

The court ORDERS that the Rule 60(b) Motion and Motion to Stay be, and are hereby, transferred to the United States Court

7

of Appeals for the Fifth Circuit.

SIGNED September 12, 2014.

JOHN McBRYDE
United States District Judge